No. 18,296.

SMITH, CAREY & COMPANY (WILLIAM MCDERMOTT, Intervener, *Appellee*), v. THE ATCHISON LIVE STOCK COMPANY et al. (W. J. BAILEY, as Receiver, etc., *Appellant*).

OPINION ON REHEARING.

SYLLABUS BY THE COURT.

WRITTEN EVIDENCE — *Secondary Evidence Admitted without Proper Foundation Being Laid—Error.* Where evidence in writing is shown to have existed which would establish a fact very material in the trial of an action and such writing is admitted to have been in the possession of a party to the action whose liability in a large sum may depend upon the words in the writing, it is error to admit other evidence of the contents of the writing until it fairly appears that the writing is lost beyond recovery or has been destroyed.

Appeal from Atchison district court; OSCAR RAINES, judge *pro tem.* Opinion on rehearing filed April 11, 1914. Reversed. (For original opinion of affirmance see 90 Kan. 258, 133 Pac. 723.)

*James W. Orr, W. P. Waggener,* and *J. M. Challis,* all of Atchison, for the appellant.

*J. L. Berry,* and *Charles J. Conlon,* both of Atchison, for the appellee.

The opinion of the court was delivered by

SMITH, J.:  A general statement of the case and of the proceedings is given in the former decision. (*Smith, Carey & Co. v. Live Stock Co.*, 90 Kan. 258, 133 Pac. 723.)

The principal ground of error urged on the rehearing is the admission over appellant's objection of the affidavit and testimony of William McDermott, intervener, as to the contents of a letter written by him to E. D. Small in reply to an application for the original loan of $10,000; the contention on the part of appellant being that the loan was made to the Small brothers, and that the name of the Atchison Live Stock Company as indorsed on the back of the note by one of the Small brothers, as manager of the Atchison Live Stock Company, as security.  On the other hand, the appellee contends that the loan was made to the Atchison Live Stock Company and the note was secured by the Small brothers, individually, as sureties.

The letter of E. D. Small, one of the partners and an officer of the Atchison Live Stock Company, applying for the loan, and the reply of Mr. McDermott thereto constituted the contract antecedent to the execution of the note for the loan.  This letter was produced in evidence and was clearly an application of the Small brothers for the loan.  McDermott's contention is that in his letter, replying to the application, he proposed to make the loan to the Atchison Live Stock Company and that the loan was consummated in accordance therewith to the corporation.  It is conceded that the note for the loan was signed on the face by the individual members of the firm of Small Brothers and was indorsed on the back, "Atchison Live Stock Company, by J. D. Small, Mgr."

As to the presumptions arising therefrom the court correctly instructed the jury as follows:

"The jury is instructed that where the name of one who is neither the payor or payee of a note appears on

the back thereof, his relation to such note is *prima facie* that of guarantor and not as principal, and one who seeks to show that his relation to such note is that of principal has the burden of proving that fact."

The contents òf the McDermott letter in reply to the application was therefore of vital importance in the determination of the issues; it was addressed and ·mailed to E. D. Small, who wrote the application.

After procuring an order for the inspection of the books, papers, etc., as indicated in the former decision, the appellee took the deposition of E. D. Small, in the state of California, to which place Small had removed. Neither the plaintiff nor the receiver appeared at the taking of the deposition, but on the trial made full objections to each question and answer as incompetent, immaterial and irrelevant, which objections were over-ruled.

As stated in the abstract, without objection, E. D. Small testified as follows:

"I wrote the letter dated May 10, 1901, addressed to Wm. McDermott at Milwaukee, Wisc., attached to the deposition and marked 'Exhibit B'.; there was but one loan of $10,000 made by Wm. McDermott, which was spoken of in this letter; the application for such loan was made in this letter; I have not the original letter of Wm. McDermott in answer to my letter making the application for this loan and dated May 10, 1901; I do not know where it is; I do not remember of having received it, but I know I received it in answer to that."

Referring further to the McDermott letter, the following questions were asked of E. D. Small, and the answers given:

"Q.  Can you state what became of the letter.  Would you say it was lost or destroyed?  A.  It was lost or destroyed as far as I know.

"Q.  State whether or not that letter was lost or destroyed.  A.  It was lost or destroyed as far as my knowledge goes."

No evidence was given by the witness in his deposition nor was he asked whether he had made any search

for the letter or made any attempt to find it or when or where he last had it or saw it.

Relying upon this proof of the loss of the letter, the intervener was allowed, over the objection of the appellant, to introduce his affidavit setting forth, from recollection, a copy of his letter. He also went upon the witness stand and testified orally, in substance, to the same effect. The appellant objected and excepted on the ground that it was secondary evidence and that no proper foundation had been laid that the primary evidence could not have been procured, and that there was no evidence that the original evidence was either lost beyond recovery or was destroyed. The objection should have been sustained.

There was no other competent evidence of the inception of the transaction except the note was pleaded and not put in issue. The so-called admission of J. D. Small, at Battle Creek, Mich., seems also to have been in his own interest. If the loan was not in fact made to the Atchison Live Stock Company, it was made to the Small Brothers copartnership, of which witness E. D. Small was a member and against whom a personal judgment in another action was possible.

The loss or destruction of the McDermott letter was not properly established. The answers of the witness E. D. Small seem to be evasive, and while he says he received the letter he did not testify positively that it was either lost or destroyed. Where evidence in writing is shown to have existed which would establish a fact very material in the trial of an action and such writing is admitted to have been in the possession of a party to the action whose liability in a large sum may depend upon the words in the writing, it is error to admit other evidence of the contents of the writing until it fairly appears that the writing is lost beyond recovery or has been destroyed.

The judgment is reversed and the case is remanded for a new trial.